DECISION
Defendant disqualified one acre of Plaintiffs' property from farm use special assessment for the 2008-09 tax year, and Plaintiffs appealed that determination to this court.
 I. STATEMENT OF FACTS
Plaintiffs own 2.5 acres of land, 1.88 acres of which is planted with Christmas trees and wine grapes. The property is identified in the assessor's records as Account 6609 2N 10 03C 2700 (5). The property is not within an exclusive farm use zone. Growing grapes and Christmas trees are qualifying farm uses under ORS 308A.056.[1] Accordingly, the 1.88 acres was specially assessed in accordance with ORS 308A.068. The balance of the land (0.62 acres) is physically used by Plaintiffs for their home and yard.
By letter dated July 23, 2008, Defendant disqualified one acre of Plaintiffs' property from farm use special assessment because of a change in use of the land from farm to residential (i.e., Plaintiffs built a home on the property). Plaintiffs appealed, requesting that only 0.62 acres be disqualified, because the balance of the land is employed for farming. Defendant requests that the court uphold the one acre disqualification because it is the minimum amount of land allowed as a homesite on land specially assessed for farm use. *Page 2 
 II. ANALYSIS
ORS 308A.253(3) provides for the special assessment of "[l]and under dwellings used in conjunction with the farm use of nonexclusive farm use zone farmland * * * under ORS 308A.256." That statute, in turn, provides for a one-acre homesite. Specifically, the statute provides:
 "(3) The homesite value for purposes of ORS 308A.250
to 308A.259 shall equal the real market value of the bare land of the total parcel and contiguous acres under same ownership, as determined under ORS 308.205, divided by the number of acres in the total parcel and contiguous acres under the same ownership, plus the lesser of [$4000 or the depreciated replacement cost of the homesite improvements].
 "(4) For the purposes of establishing a homesite value, the value of one acre of land for each homesite, as determined in subsection (3) of this section, shall be used."
ORS 308A.256 (emphasis added).
As can be seen, what is implicit from the formula in subsection (3) of ORS 308A.256 is made explicit in subsection (4) of the statute; namely, farm use homesites are valued based on a hypothetical one acre, regardless of the amount of acreage actually devoted to the home.[2]
The corresponding administrative rule, OAR 150-308A.256(3), also includes the one acre homesite requirement.[3] That regulation provides a more detailed example of the formula used to determine the value of a qualified homesite. The rule provides that the real market value (RMV) for the total number of acres of land is divided by the number of acres to get the "average RMV for one acre of the parcel and contiguous acres under the same ownership." OAR 150-308A.256(3)(b)(C) (emphasis added). The rule further provides that "[t]he average RMV ofone *Page 3 acre of the land plus the land improvement SAV equals the total `homesite' SAV."[4] OAR 150-308A.256(3)(d).
The result, which Plaintiffs find objectionable, is that 0.38 acres of their land is precluded from receiving specially assessed farm use value, even though that land is employed in a qualifying farm use, and was previously specially assessed. That is a choice made by the legislature; due, no doubt, at least in part, out of concern for the difficulties assessors would face in trying to ascertain the "appropriate" amount of land to value as a homesite on all of the numerous farm and forest properties specially assessed across the state (i.e., administrative convenience).
 III. CONCLUSION
The court concludes that Defendant did not err in disqualifying one acre of Plaintiffs' property from farm use special assessment and valuing that one acre at its specially assessed homesite value as provided in ORS 308A.253(3) and ORS 308A.256, subsections (3) and (4). Accordingly, Plaintiffs' request that the disqualification be limited to the 0.62 acres not devoted to farming (i.e., that their homesite be 0.62 acres rather than one acre) must be, and is hereby, denied. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal, requesting that their homesite be reduced from one acre to 0.62 acres, is denied, and Defendant's disqualification is affirmed.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 26,2009. The Court filed and entered this document on February 26, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] The formula in ORS 308A.256(3) generates a value for a single acre (no more, no less) by providing for the division of the value of all the land by the total number of acres owned. For example, if the market value of 2.5 acres were $125,000, dividing that value by the 2.5 acres generates a value of $50,000 for one acre.
[3] All references to the Oregon Administrative Rules (OAR) are to the rules in effect in 2008.
[4] SAV is an abbreviation for specially assessed value. See OAR 150-308A.256(3)(c). *Page 1